UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-40015-RGS

LUIS DE LA CRUZ,

V.

WARDEN JEFFREY GRONDOLSKY.

MEMORANDUM AND ORDER
February 27, 2012

STEARNS, D.J.

BACKGROUND

On February 7, 2012, this court entered a Memorandum and Order (Docket No. 3) directing petitioner Luis De La Cruz (De La Cruz) to pay the $5.00 filing fee within 21 days.

In response, on February 21, 2012, De La Cruz paid the $5.00 filing fee. The next day, De La Cruz filed a Letter (Docket No. 4) taking issue with certain portions of the Memorandum and Order, and seeking to clarify his statement concerning Dr. Olden's bias and/or racial prejudice. De La Cruz contends that racial discrimination is not alleged against Dr. Olden, but his allegations of racial discrimination were aimed at Disciplinary Hearing Officer Anthony Amico, SIS Brown, and Lt. Eltzen. De La Cruz does assert that Dr. Olden was biassed against him.

Next, De La Cruz takes issue with this court's denial of his request for appointment of counsel based, in part, of the finding that he was familiar with legal concepts and procedures and therefore appointment of counsel was not warranted. He asserts that he is receiving help from another inmate. Additionally, De La Cruz contends that he has exhausted his prison remedies.

Finally, De La Cruz contends that he did not receive a copy of this court's Order of Dismissal of an earlier action, *De La Cruz v. Grondolsky*, C.A. 11-40087-RGS. He requests a copy of the docket sheet and seeks to appeal the dismissal of that case.

DISCUSSION

### I. Service of the Petition

Because De La Cruz has paid the filing fee as directed, this court will permit this action to proceed, and will direct service of the petition on the respondent, as set forth below. At this juncture this court will consider De La Cruz's Letter (Docket No. 4) as a supplement to the petition, and will direct the clerk to serve the original petition (Docket No. 1) and the Letter (Docket No. 4) on the respondent.

### II. Requests for Relief Contained in De La Cruz's Letter (Docket No. 4)

To the extent that De La Cruz's Letter (Docket No. 4) includes a request for reconsideration of the denial of his request for appointment of counsel, this court DENIES the request and declines to appoint counsel for him.

Next, to the extent that De La Cruz seeks a copy of the docket sheet of his earlier case, the request is ALLOWED. The clerk shall send to De La Cruz a copy of the docket sheet for *De La Cruz v. Grondolsky*, C.A. 11-40087-RGS along with a copy of the Memorandum and Order for dismissal (Docket No. 4) and Order for Dismissal (Docket No. 5). Additionally, the clerk shall send De La Cruz a copy of the docket sheet for *De La Cruz v. Federal Bureau of Prisons, et al.,* C.A. 12-10010-RGS, along with a copy of the Memorandum and Order for dismissal (Docket No. 4, entered January 4, 2012), and the Order of Dismissal (Docket No. 5).

Finally, this court does not consider De La Cruz's statement that he intends to appeal the dismissal of *De La Cruz v. Grondolsky*, C.A. 11-40087-RGS as constituting a Notice of Appeal. Should De La Cruz seek to file a Notice of Appeal, he must file it in C.A. 11-40087-RGS.[1] This

---

[1] Since De La Cruz has not been permitted to proceed *in forma pauperis* in his earlier case he must pay the $455.00 appellate fees along with any Notice of Appeal, or submit a Motion for Leave to Proceed *in forma pauperis* accompanied by his certified prison account statement for the six-month

court makes no ruling as to whether any Notice of Appeal of the May 6, 2011 dismissal of this action is timely filed.

### III. De La Cruz May Not File "Letters" Seeking Relief

De La Cruz filed his Letter (Docket No. 4) seeking relief from this court. The filing of a "letter" rather than a "motion" for relief places an undue burden on Court staff in connection with the proper docketing and processing of the filing.

Accordingly, De La Cruz is PROHIBITED from filing any further letters to this court seeking any type of relief or seeking to supplement his petition. Should De La Cruz seek any action by this court, he must file a "motion" including the caption of the case, docket number, and a brief title of the motion indicating the type of relief sought. Given De La Cruz's litigation history, this court finds that this requirement imposes a minimal burden on him and ensures that scarce judicial resources are not wasted.

### CONCLUSION

Based on the foregoing, it is hereby Ordered that:

(1) The Clerk of this Court shall serve a copy of the petition (and Letter (Docket No. 4) upon (i) Jeffrey Grondolsky, Warden, FMC Devens, P.O. Box 880, Ayer, Massachusetts 01432; and (ii) the United States Attorney for the District of Massachusetts;

(2) The respondent shall, within 21 days of receipt of this Order, file an answer or other responsive pleading. The answer (or other responsive pleading) must also include a statement notifying this Court of the existence of any victim or victims as defined by 18 U.S.C. § 3771;

(3) Petitioner's renewed request for appointment of counsel is DENIED;

(4) Petitioner's request for a copy of his docket sheet is ALLOWED. The clerk shall send petitioner a copy of the docket sheet for *De La Cruz v. Grondolsky*, C.A. 11-40087-RGS along with a copy of the Memorandum and Order for dismissal (Docket No. 4) and Order for Dismissal (Docket No. 5). The clerk also shall send a copy of the docket sheet for *De

---

period preceding the filing of a Notice of Appeal.

*La Cruz v. Federal Bureau of Prisons, et al.,* C.A. 12-10010-RGS, along with a copy of the Memorandum and Order for dismissal (Docket No. 4, entered January 4, 2012), and the Order of Dismissal (Docket No. 5);

(5)     Should petitioner seek to file a Notice of Appeal in any prior civil action, he shall file a Notice of Appeal in that civil action, and satisfy the appellate filing fee requirements; and

(6)     Petitioner is <u>PROHIBITED</u> from filing "letters" seeking relief from this court. Any request for relief must be in the form of a "motion."


                              SO ORDERED.

                              <u>/s/ Richard G. Stearns</u>
                              UNITED STATES DISTRICT JUDGE