UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 12-40015-RGS

LUIS D. DE LA CRUZ

v.

JEFFREY GRONDOLSKY, Warden,
Federal Medical Center Devens

MEMORANDUM AND ORDER ON RESPONDENT'S
MOTION TO DISMISS

July 27, 2012

STEARNS, D.J.

Petitioner Luis D. De La Cruz (De La Cruz) objects to disciplinary sanctions imposed by the Warden of Federal Medical Center Devens (FMC Devens) after a Discipline Hearing Officer (DHO) found him guilty of escape. De La Cruz asks the court to vacate the DHO's findings and restore his lost good-time credits, remove the three points assessed to his custody classification, and order him returned to a less restrictive prison setting. Respondent Warden Jeffrey Grondolsky moves to dismiss the petition. For the reasons to be stated, the motion to dismiss will be allowed.

BACKGROUND

On September 21, 2011, at approximately 1:40 a.m., De La Cruz turned up missing during an emergency bed count. A Bureau of Prisons (BOP) correction officer

testified that he saw De La Cruz sprinting from a wooded area at the rear of the prison camp towards the back door of the dormitory at approximately 2:15 a.m. Upon being intercepted by BOP officers, De La Cruz explained that he and another inmate had gone for a walk on the running track at the edge of the camp because he was feeling stressed and suicidal. He admitted that he and the fellow inmate had attempted to sneak back into the dormitory undetected.

De La Cruz received an incident report on September 21, 2011, specifying a charge of escape. After an initial hearing on September 25, 2011, the Unit Discipline Committee (UDC) referred De La Cruz's case to the DHO, pursuant to 28 C.F.R. § 541.7(a)(4) (seriousness of the violation). At De La Cruz's request, Dr. Vikram Kambampati appeared as his staff representative at the hearing. De La Cruz was offered the opportunity to present witnesses and evidence, but declined. Ultimately, the DHO found that De La Cruz was responsible for his conduct at the time of the incident, and that he had escaped from the facility as charged.

## DISCUSSION

"Where a prison disciplinary hearing may result in the loss of good-time credits, *Wolff* [*v. McDonnell*, 418 U.S. 539, 563-567 (1974),] held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present

documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The record confirms that all of the *Wolff* procedural steps were followed and De La Cruz does not contend otherwise.[1]

De La Cruz argues instead that the evidence adduced at the hearing does not support the DHO's decision. *Hill* requires that "the findings of the disciplinary board [leading to the revocation of good-time credits be] supported by some evidence in the record." *Id*. at 454. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead due process in this context requires only that there be some evidence to support the findings . . . ." *Id.* at 457. The court is satisfied that there is substantial evidence in the record corroborating the DHO's findings. The DHO relied on the testimony of eight BOP

---

[1] De La Cruz received advance written notice of the disciplinary charges on September 21, 2011, and he was advised of his rights in the disciplinary process on September 25, 2011. *See* Pet. - Ex. 6 (DHO Report). The DHO offered De La Cruz an opportunity to call witnesses, and he chose not to do so. *Id.* De La Cruz also failed to present any documentary evidence, although he again had the opportunity to do so. *Id.* at 2. The DHO provided De La Cruz with a written statement of the evidence relied upon and the reasons underlying the disciplinary action on October 27, 2011. *Id.* at 2-4.

officers, and in particular the testimony of Officer Jensen. *See* Pet. - Ex. 6 (DHO Report). Jensen testified that had seen De La Cruz (who had been found missing at 1:45 a.m.) running from the woods towards the dormitory at 2:15 a.m. *Id.* at 2-3. The DHO discounted De La Cruz's exculpatory explanation, in large part because he had not been seen in the areas where he claimed to have been before attempting to return to the dormitory. *Id.* at 3. Nor did the DHO consider credible De La Cruz's assertion that he did not hear the outdoor loud speakers announcing the emergency bed count. *Id.*

De La Cruz also challenges the integrity of the competency evaluation performed by Dr. Lindsay Olden, his treating psychologist. De La Cruz contends that Dr. Olden did not adhere to the procedural and ethical standards prescribed by BOP Program Statement 5270.09 and Program Statement 5070.12. The court gives no weight to De La Cruz's claims. In the first instance, the BOP's Program Statements "are merely internal agency guidelines and may be altered by the [BOP] at will." *Koray v. Sizer*, 21 F.3d 558, 562 (3d Cir. 1994), *rev'd on other grounds sub nom., Reno v. Koray*, 515 U.S. 50 (1995). "Interpretive rules do not . . . have the force and effect of law and are not accorded that weight in the adjudicatory process . . . ." *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 99 (1995). As Program Statement 5270.09 notes, the Code of Federal Regulations delegates to the UDC and the DHO the determination of whether

4

an inmate involved in disciplinary proceedings is competent to participate. 28 C.F.R. § 541.6. The competency finding is to be made "based on evidence, including evidence presented by mental health staff." *Id.*

The DHO's decision notes that "[a] Responsibility & Competency Evaluation was conducted on you by Psychology staff due to your claims [of being suicidal and depressed] and they found you were responsible for your conduct at the time of incident." Pet. - Ex. 6 (DHO Report).[2] Dr. Olden states in an affidavit that "[a]t no time since I began treating Petitioner has he been incompetent. Prior to determining that he was both responsible and competent, I interviewed Petitioner." Olden Decl. ¶ 4. The DHO's finding of competency, which is based on Dr. Olden's evaluation of De La Cruz and her familiarity with his treatment history, is conclusive of the matter.[3]

---

[2] The fact that De LaCruz was placed on suicide watch does not compel any finding that he was not responsible for his actions, or that he was mentally incompetent.

[3] The court also persuaded that no violation of the ethical obligations set out in Program Statement 5070.12 occurred. Although the Program Statement indicates that "[p]rofessional ethics dictate that psychologists completing forensic evaluations make every effort to avoid role conflicts," and that "[w]henever possible, the forensic evaluator should not be the person providing therapy or otherwise overseeing the person being evaluated," it also acknowledges the reality that at Medical Referral Centers like FMC Devens "the utilization of a team approach may make the distinction between treatment and evaluation roles less easily separated." Consequently, "[i]n these circumstances, the evaluator may belong to a team which is expected to both evaluate and have some role in treatment." *Id.*

5

Finally, there is no merit to De La Cruz's claim that the loss of good-time credits or his reassignment to a more secure institutional setting violates the Eighth Amendment's cruel and unusual punishments clause.[4]  In the first instance, there is nothing "cruel and unusual" about the loss of good-time credits, a disciplinary sanction which, as the Warden notes, is authorized by law.  *See* 28 C.F.R. § 541.3.  More fundamentally, the deprivation of an inmate liberty interest is properly analyzed under the Due Process Clause, and not the Eighth Amendment.  Under the Due Process Clause, an inmate's liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (a thirty-day sentence to a segregation unit did "not present a dramatic departure from the basic conditions of [the inmate's] indeterminate sentence.").  This rule has particular force where for security or disciplinary reasons a prisoner is moved to a more restrictive and less privileged

---

[4] The claim of a violation of the Equal Protection Clause does not merit any extended discussion.  As the Warden aptly notes, inmates do not make up a protected class.

setting. *See Dominique v. Weld*, 73 F.3d 1156, 1161 (1st Cir. 1996) (prisoner had no cognizable liberty or property interest in continued participation in a work release program).[5] Because De La Cruz's loss of good-time credits had no effect on the maximum length of his sentence, he has no viable liberty interest in their restoration. Nor in light of *Sandin* does he have any viable right to litigate his disciplinary confinement. *See Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>. The Clerk will enter an Order of Dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[5] The motion for an evidentiary hearing is <u>DENIED</u>. A district court may dismiss a petition for relief "without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations, although adequate on their face, consist of no more than conclusory prognostications and perfervid rhetoric, or if the key factual averments on which the petition depends are either inherently improbable or contradicted by established facts of record." *United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995). The motion for an independent mental examination is also <u>DENIED</u>.